IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JESUS MATIAS SANCHEZ** | **CIVIL ACTION** |
| **v.** | **No. 26-2499** |
| **BRIAN MCSHANE,** *et al.* | |

**Henry, J.**                                                                                                                            **April 21, 2026**

<u>**MEMORANDUM**</u>

Jesus Matias Sanchez is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. The respondents argue that this statute, properly interpreted, permits them to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[1] This distinction deprives a detainee like Matias Sanchez of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of many other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the appellate authority on point, I grant Matias Sanchez's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

## I.    <u>BACKGROUND</u>

On April 15, 2026, Matias Sanchez filed a petition for a writ of habeas corpus. The parties have stipulated to the factual content of the petition and disclaimed the need for further evidence. Opp. 3. Matias Sanchez is detained in the Philadelphia Federal Detention Center (FDC) under Warden J.L. Jamison, after being arrested by immigration authorities. Pet'n ¶¶ 2, 11, 24.

Matias Sanchez entered the country without inspection about 18 years ago, *id*. ¶ 45, and he has not previously been in any immigration proceedings. *Id.* ¶ 47. He is a citizen of Mexico. *Id.* ¶ 18. He was arrested on April 15, 2026, while on the way to work. *Id.* ¶¶ 3–4. Because Matias Sanchez is detained under the mandatory detention provision of 8 U.S.C. § 1225 (INA § 235), the respondents have determined that he will not be permitted a bond hearing. Opp. 8.

## II.    <u>DISCUSSION</u>

As the respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Opp. 3–4. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations. The issue has been considered directly by two appellate courts. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 170 F.4th 1128, 1132 (8th Cir. 2026). The Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) concluded at the level of a preliminary injunction that the government was not likely to succeed on the merits of its argument for mandatory detention of applicants for admission present under § 1225(b)(2)(A)). The Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement,* et al., No. 26-1454 (3d Cir.), now set for argument in May.

The question here: Is Matias Sanchez properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Matias Sanchez was "seeking admission" under this section, although he had been in the country eighteen years before his detention in mid-2026. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Matias Sanchez seeks to be "admitted" to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025); It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 166 F.4th at 505 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken over 300 times on the matter in the past several months, and where in fact I have spoken several times myself without any internal contradiction of which I am

aware, I think a deeper giving of reasons would be merely cumulative. Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Matias Sanchez is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Matias Sanchez has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III. <u>CONCLUSION</u>

For the reasons given above, Matias Sanchez's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226. Matias Sanchez may also submit a motion for attorney fees with a proposed order and/or judgment.