IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESUS MATIAS SANCHEZ** | **CIVIL ACTION** |
| **v.** | |
| **BRIAN MCSHANE,** *et al*. | **No. 26-2499** |

## ORDER

**AND NOW**, this 21st day of April, 2026, upon consideration of the petition for a writ of habeas corpus, and the response thereto, it is hereby **ORDERED**:

1. The petition (ECF 1) is **GRANTED** for the reasons in the accompanying memorandum.

2. Respondents shall **IMMEDIATELY RELEASE** Matias Sanchez from custody and certify compliance with this Order by a filing on the docket on April 21, 2026, regarding Matias Sanchez's custody status. Respondents shall return to Matias Sanchez immediately upon his release all personal belongings confiscated upon or during his detention, including his identification documents.

3. Respondents are **ENJOINED** for a period of seven days following Matias Sanchez's release from custody pursuant to this order from detaining Matias Sanchez based on the same putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[*]

---

[*] Matias Sanchez is not subject to mandatory detention under 8 U.S.C. § 1225. If Matias Sanchez is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.

4.   If the government seeks to detain Matias Sanchez after the period of seven days, it must provide him with a bond hearing within 48 hours of his detention. If no bond hearing is provided within 48 hours, Matias Sanchez's remedy will recur.

5.   Matias Sanchez may submit a motion and proposed order/judgment (or other procedural mechanism) regarding attorney fees within 30 days of this order.

6.   The Clerk is **DIRECTED** to mark this case **CLOSED**.

**BY THE COURT**:

_s/ Catherine Henry_
**CATHERINE HENRY, J.**
